UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVELYN O. HOLLEY, )<br>)<br>Plaintiff )<br>v. )<br>)<br>ROBERT WILKIE, )<br>Secretary of the Department )<br>of Veterans Affairs, )<br>)<br>Defendant ) | No. 2:18-cv-00350-JAW |

*RECOMMENDED DECISION ON*
*MOTION TO DISMISS OR TRANSFER*

In this discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the plaintiff Evelyn O. Holley alleges that the defendant Department of Veterans Affairs ("VA") failed to remedy her complaints of sex discrimination and other misconduct over the long course of her employment at the VA Medical Center in East Orange, New Jersey. *See generally* Complaint (ECF No. 1). The defendant has filed a motion to dismiss or transfer this action based on improper venue. *See generally* Defendant United States of America's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1406(a) ("Motion") (ECF No. 7). I conclude that venue is improper in this district and, accordingly, recommend that the court transfer this case to the United States District Court for the District of New Jersey, mooting the motion insofar as it seeks to dismiss the complaint.

**I. Applicable Legal Standard**

When ruling on a pretrial motion challenging venue, "[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the

1

defendant's affidavits." *Turnley v. Banc of Am. Inv. Servs., Inc*., 576 F. Supp.2d. 204, 211 (D. Mass. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352 (3d ed. 2004)).  "A district court may examine facts outside the complaint to determine whether its venue is proper." *Id*.  The plaintiff bears the burden of showing that "venue is proper in the judicial district in which the action has been brought." *Id*. (quoting *Transam. Corp. v. Trans-Am. Leasing Corp*., 670 F. Supp. 1089, 1090 (D. Mass. 1987)) (footnote omitted).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In a Title VII action, venue is governed by 42 U.S.C. § 2000e–5(f)(3), rather than the general venue statute, 28 U.S.C. § 1391.[1]  *See Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) ("[42 U.S.C. § 2000e–5(f)(3)] controls any other venue provision governing actions in federal court."); *see also Stebbins v. State Farm Mut. Auto. Ins. Co*., 413 F.2d 1100, 1102 (D.C. Cir. 1969) (noting the statute defines the "four judicial districts in which employment discrimination suits may be filed").

Thus, a Title VII action may be brought

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

---

[1] The plaintiff's complaint only mentions Title VII as its cause of action, but even if other claims exist, the plaintiff's Title VII claim predominates.  Thus, the Title VII venue provision governs.  *See Turbeville v. Casey*, 525 F. Supp. 1070, 1071 (D.D.C. 1981) (noting that where "Title VII issues predominate, the Title VII venue provision should govern."); *see also Foley v. Holder*, Civil Action No. 09-11157-JGD, 2010 WL 3938345 (D. Mass. Oct. 5, 2010) (citing *Turbeville*).

42 U.S.C. § 2000e–5(f)(3). In deciding how Section 2000e–5(f)(3) should govern in a given action, courts should apply "a commonsense appraisal of events having operative significance" in determining where venue lies. *Darby v. U.S. Dep't of Energy*, 231 F. Supp.2d 274, 277 (D.D.C. 2002) (citations and internal quotation marks omitted).

## II. Background

On August 15, 2018, the plaintiff received a "Final Agency Decision" from the VA Office of Resolution Management dismissing her complaint and notifying her of her right to appeal the decision to the United States District Court via a civil action within 90 days. Complaint at 3; Exh. 1 (ECF No. 1-6) thereto, at [8]. The plaintiff filed this civil action on September 5, 2018. *See* Complaint at 1.

The plaintiff's complaint and attachments (comprising 327 pages) allege a long history of sex discrimination and derivative misconduct, all of which occurred during her employment at the VA Medical Center in East Orange, New Jersey. *See* Complaint at 5-9; *see generally* Exhs. 1-4 (ECF Nos. 1-6 to 1-9) thereto. The plaintiff further alleges that the agency failed to adequately remedy the discrimination against her, eventually resulting in her constructive termination in 2002. *See* Complaint at 9.

On November 2, 2018, the defendant filed its motion to dismiss or transfer, arguing that venue is improper under 42 U.S.C. § 2000e–5(f)(3). *See* Motion at 1.

## III. Discussion

Since the plaintiff brought this action under Title VII, *see* Complaint at 2-3, she must comply with at least one of the applicable venue provisions outlined in Section 2000e–5(f)(3). *See Turnley*, 576 F. Supp.2d at 212 ("Only one of Title VII's venue provisions need[s] to be satisfied

in order for venue to be proper.") (citation omitted). The defendant argues that the plaintiff cannot satisfy any of the four applicable venue options. *See* Motion at 7-9. I agree.

In this action, venue in Maine is improper under Section 2000e–5(f)(3). First, the alleged wrongdoing occurred primarily in New Jersey, where the plaintiff was employed. Nothing in her complaint or its lengthy attachments connects the allegations to Maine. Second, the plaintiff makes no allegation that suggests the relevant employment records are maintained and administered in Maine. Rather, she argues that her relevant records have been "purged." Plaintiff's Objection to Defendant's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1406(a) ("Opposition") (ECF No. 8) at 10. Third, the plaintiff would have continued working in New Jersey but for the alleged discrimination. She does not allege or argue otherwise. Finally, the fourth venue option does not apply in this case because the VA may be sued in New Jersey.

The only apparent connection this case has to the District of Maine is that the plaintiff currently resides here. *See* Complaint at 1. However, the "plaintiff's place of residence is not one of the . . . options for venue provided for by 42 U.S.C. § 2000e–5(f)(3)." *Benton v. England*, 222 F. Supp.2d 728, 731 (D. Md. 2002). In *Dixon v. Brownlee*, 313 F. Supp.2d 52 (D.P.R. 2004), the court found that venue was proper in the Northern District of California, but not in the District of Puerto Rico where the *pro se* plaintiff resided. The court, thus, transferred the action to the Northern District of California. *See Dixon*, 313 F. Supp.2d at 53-54 (citing *Ramos de Almeida v. Powell*, No. 01 CV 11630(HB), 2002 WL 31834457, at *2 (S.D.N.Y. Dec. 16, 2002) ("plaintiff cannot simply prevail by pointing to the fact that she is a New York resident.")); *see also generally Foley*, 2010 WL 3938345.

Courts have recognized that Title VII's statutory scheme indicates that "Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination." *Darby*, 231 F. Supp.2d at 277 (citing *Stebbins*, 413 F.2d at 1102); *see also Elezovic v. England*, No. Civ.A. 03-0131(JDB), 2003 WL 22383583, at *1 (D.D.C. Oct. 20, 2003) (citing same). In the present case, the alleged discrimination took place in New Jersey, not in Maine. Hence, it is in New Jersey, not Maine, that the plaintiff can satisfy the first venue option in Section 2000e–5(f)(3) (*i.e.*, that "the unlawful employment practice is alleged to have been committed" in New Jersey). Because venue does not lie in the District of Maine under section 2000e–5(f)(3), but does properly lie in the District of New Jersey, the court should transfer this case pursuant to 28 U.S.C. § 1406(a) in the interest of justice.[2]

I recognize that the transfer of this case to New Jersey may cause the plaintiff hardship. It is possible that Congress did not contemplate a scenario like this, where the plaintiff is calling no witnesses and the documentary evidence allegedly has been "purged," Opposition at 10, but, as noted above, Section 2000e–5(f)(3) makes clear congressional intent that venue in Title VII cases should be limited to "those jurisdictions concerned with the alleged discrimination." *Darby*, 231 F. Supp.2d at 277. The court is bound by the statutory scheme.

## IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion be **GRANTED** insofar as it seeks the transfer of this action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a) and otherwise be **DEEMED MOOT**.

---

[2] In this action, I recommend that the court find that the interest of justice is better served by transfer than dismissal because, additionally, the plaintiff's time to file an appeal of the agency's "Final Agency Decision" may have expired. *See, e.g. Bolar v. Frank*, 938 F.2d 377, 380 (2d Cir. 1991) ("[B]ecause [plaintiff] might be time barred from initiating a new action in this matter, the interest of justice merits such a transfer.") (internal quotation marks omitted); *see also Darby*, 231 F. Supp.2d at 277 ("Generally, the interest of justice requires courts to transfer cases to the appropriate judicial district, rather than dismiss them.") (citations and internal quotation marks omitted).

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2nd day of June, 2019.

                                            /s/ John H. Rich III
                                            John H. Rich III
                                            United States Magistrate Judge